Hawley *v.* Butler.

HAWLEY *vs.* BUTLER and MARCELLUS.

The act of congress authorizing the arrest of persons as deserters, being in derogation of the common law, must be strictly pursued. The duties imposed by it are ministerial, and in the proper discharge of them the officer is bound to embrace the first opportunity to bring the prisoner before a competent tribunal, where he may be tried for the offense charged.

Where the plaintiff was arrested, without warrant, by a deputy provost marshal, on the charge of being a deserter, and taken by him to the office of the provost marshal, who, after examination, directed the deputy marshal to convey the plaintiff to the county jail, where he was kept in close confinement for several days: *Held,* that in so doing, the marshal and his deputy acted in violation of the statute and exceeded their authority, and were liable to an action. That they had no legal right to make such an unreasonable detention, before sending the plaintiff to a military commander, or a military post.

THIS was an action brought by the plaintiff to recover damages for the arrest and imprisonment of the plaintiff by the defendants while they were provost marshal and

assistant provost marshal of the eighteenth district of New York. The cause was tried at the Schenectady circuit in April, 1866, before a judge and a jury. It appeared upon the trial that on the 31st day of August, 1863, the plaintiff was arrested by the defendant Marcellus, who was deputy provost marshal, at the railroad station, in Schenectady, without a warrant, and taken by him to the office of Butler, the marshal, who, after examination, directed his deputy, Marcellus, to convey the plaintiff to the county jail. This was done, and the plaintiff was kept in close confinement there until the 4th day of September, when he was taken to the provost marshal's office for the purpose of being sent to New York, but at his own request he was further held in custody until an answer could be received from a communication sent to Massachusetts, inquiring as to the plaintiff being a deserter. On the next day, the 5th of September, the plaintiff was discharged by the defendant Butler's order. The plaintiff was not sent to any military post, or military commander.

The defendants justified the arrest by proof that information had been received that the plaintiff was a deserter, and that he had at one time in his possession a pair of military pantaloons and overcoat. The plaintiff proved that he came from California with a battalion of cavalry for the state Massachusetts. He had charge of the sick, and expected the appointment of hospital steward. He was rejected by the surgeon, after his arrival at Boston, and left the battalion. He had not at that time deserted, and was not a deserter.

At the close of the evidence the court directed that the complaint be dismissed, and judgment of nonsuit entered, upon the ground that the facts in the case showed probable cause which justified the arrest and imprisonment of the plaintiff. The plaintiff excepted to the decision. Judgment was entered in favor of the defendants for costs, and the plaintiff appealed to the general term. The case was submitted on printed points.

*Mitchell & Beattie,* for the appellant.

*William A. Dana,* for the respondent.

*By the Court,* MILLER, J.   Even if the original arrest of the plaintiff was legal and valid, yet I think that his imprisonment in the county jail of Schenectady for several days afterwards was unauthorized and illegal, and that the action was maintainable for that reason.

The statute under which the defendants claimed to act, and which conferred the power to make the arrest, requires that the officer shall send the deserter to the nearest military commander, or military post. (*Laws of U. S. Sess.* 1863, *chap.* 75, § 6.)   In the case under consideration the plaintiff was kept in jail for several days, without being sent to the nearest military commander or military post, as was required by the statute.   It does not appear that he was kept in custody temporarily with a view of being sent as the law provided, prior to the time when he was brought up to be sent to New York, nor that the length of time he was thus kept in custody was necessary or proper, prior to his being taken to the proper place.   The statute must be strictly pursued, as it is in derogation of the common law.   The duties imposed under it were ministerial, and in the proper discharge of them an officer is clearly bound to embrace the first opportunity to bring the prisoner before a competent tribunal, where he might be tried for the offense charged.   If the defendants had authority to detain the plaintiff in custody for several days, as they did, then they had legal power to do so for the period of a week or a month, or even for a longer time.   They possessed no judicial functions which authorized them to investigate and to determine the question of the guilt or the innocence of the plaintiff.   Under the circumstances as presented, it seems to me that the duty of the officer is plain, and definitely marked out, and to justify an arrest and detention he must pursue the statute with strictness and

fidelity. This the defendants apparently failed to do. They kept the plaintiff, who was entirely guiltless, incarcerated for a considerable period of time, with no positive proof against him, and while protesting his innocence of the charge made. In so doing they acted in violation of the statute and exceeded their authority. They had no legal right to make such an unreasonable detention, before sending the plaintiff to a military commander, or a military post. If these views are sound and correct, the court erred in granting the nonsuit and in dismissing the complaint.

As a new trial must be granted, for the reasons already given, it is not necessary to examine the other questions presented.

The nonsuit must be set aside, the judgment reversed, and a new trial granted, with costs to abide the event.

[ALBANY GENERAL TERM, September 17, 1866. *Miller, Ingalls* and *Hogeboom,* Justices.]